## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TYLER JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-CV-833-NAB |
| | ) | |
| DAVID BRUNS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff Tyler Johnson for leave to commence this action without payment of the required filing fee. ECF No. 2. For the reasons discussed below, plaintiff will be directed to submit a certified copy of his inmate account statement, and an amended complaint on a Court-provided form.

### Inmate Account Statement

Plaintiff, a pretrial detainee at the Jefferson County Jail, submitted an affidavit of his assets that is required by 28 U.S.C. § 1915(a)(1) and is part of his application to proceed *in forma pauperis*. ECF No. 2. Plaintiff has not, however, submitted a certified copy of his Jefferson County Jail "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of his complaint, which is required when a prisoner seeks *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(2); *see also* 28 U.S.C. § 1915(h) (defining a "prisoner" as including a person detained in any facility who is accused of violations of criminal law). Plaintiff must obtain the "certified copy" from an "appropriate official" at the Jefferson County Jail and submit it to the Court within thirty (30) days from the date of this Order. *See, e.g.,* 28 U.S.C. § 1915(a)(2).

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

2

### The Complaint

On July 9, 2021, plaintiff filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brings his claims against David Bruns, Margaret Johnson, the Missouri State Public Defender System, Gregory Mermelstein, and Danielle Corrado. Plaintiff describes defendant Bruns as an attorney and indicates he is suing him in his individual capacity only. Plaintiff does not specify the capacity in which he brings his claims against defendants Johnson, Mermelstein, or Corrado,[1] nor does he specify their job title or employer.

Plaintiff alleges defendant Bruns worked with and conspired with a "racist crooked cop" to "cover up the hate crimes and racially motivated assault against plaintiff." ECF No. 1 at 4. Plaintiff alleges the remaining defendants denied him effective assistance of counsel. *Id*. Plaintiff states he is "not supposed to have a public defender due to [his] lawsuit against M.S.P.D. for the lack of a[] caseload standard." Plaintiff writes "N/A" under the section provided to list his injuries. *Id.* For relief, plaintiff seeks an injunctive order to prohibit the Public Defender's Office from denying him effective assistance of counsel. *Id.* at 5.

### Discussion

Plaintiff's complaint fails to indicate the job, title, or employer of defendants Johnson, Mermelstein, or Corrado. It is, therefore, unclear whether these individuals are state actors. To state a claim under § 1983, a plaintiff must establish that a person acting *under color of state law* committed the acts which form the basis of the complaint. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Also, naming a government official in their official capacity is the equivalent of naming the government entity

---

1 When a plaintiff's complaint does not specify whether the defendant is being sued in his individual or official capacity, the Court interprets the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the complaint does not identify the defendants' employer(s), it is unclear as to what state entity, if any, may be liable for plaintiff's official capacity claims. Thus, plaintiff will be directed to amend his complaint for the purpose of stating the job, title, and employer of each defendant, which is information required on the Court's Prisoner Civil Rights Complaint form.

Additionally, the Court notes that plaintiff's claims for ineffective assistance of counsel are subject to dismissal. The conduct of an attorney in providing legal representation does not constitute an action under color of law for the purposes of § 1983. *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (attorneys, whether appointed or retained, who represent plaintiff in a criminal proceeding do not act under color of state law and are not subject to suit under § 1983); *Polk County v. Dodson*, 454 U.S. 312 (1981) (actions of public defender performing traditional functions of attorney do not constitute action under color of state law); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law).

To the extent plaintiff is alleging that defendant attorney Bruns engaged in a conspiracy with a police officer, this claim is also subject to dismissal. To hold a private party liable under § 1983, a plaintiff must allege, at the very least, "that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997); *Mershon v. Beasley*, 994 F.2d. 449, 451 (8th Cir. 1993). The facts alleged with respect to a mutual understanding or conspiracy must be specific and may not be merely conclusory. *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). A threadbare recital of an element of a cause of action is insufficient to sustain a § 1983 claim against a private party. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (stating a plausible § 1983 "conspiracy claim" among state actors and non-state actors "requires allegations of specific facts tending to

4

show a 'meeting of the minds' among the alleged conspirators"). Plaintiff has alleged no facts plausibly suggesting that defendant Bruns and an unidentified police officer acted in concert to violate his constitutional rights.

Lastly, plaintiff's allegations against the Missouri State Public Defender's Office for providing him with inadequate representation is subject to dismissal because it is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court").

Missouri's public defender system was created by legislative enactment and "established as an independent department of the judicial branch of state government." *See* Mo. Rev. Stat. § 600.019.1. Because it is a part of the state government, a suit against the Missouri State Public Defender's Office is barred by Eleventh Amendment immunity, and it does not qualify under either of the two exceptions to sovereign immunity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); *Howard v. Hogan*, No. 4:20-CV-00734-RWS, 2021 WL 694905, at *4 (E.D. Mo. Feb. 23, 2021) (holding that the exceptions to Eleventh Amendment immunity do not apply to claims against the Missouri State Public Defender's Office).

### Instructions on Amending the Complaint

Plaintiff is warned that the filing of his amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on this Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the form complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. **Plaintiff must specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff must also indicate the job, title, and employer of each defendant.**

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

**It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him.** *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth her claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that, within **thirty (30) days of the date of this Memorandum and Order**, plaintiff shall submit a certified copy of his Jefferson County Jail "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that, within **thirty (30) days of the date of this Memorandum and Order**, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of July, 2021.

8