**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TYLER JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-833-NAB |
| ) | |
| DAVID BRUNS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On July 22, 2021, the Court ordered self-represented plaintiff Tyler Johnson, a pretrial detainee at the Jefferson County Jail, to file a certified copy of his inmate account statement and an amended complaint within thirty (30) days. ECF No. 4. Plaintiff has not complied, and the time for doing so has passed. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

On July 9, 2021, plaintiff filed the instant action on a Prisoner Civil Rights complaint form pursuant to 42 U.S.C. § 1983 against David Bruns, Margaret Johnson, Gregory Mermelstein, Danielle Corrado, and the Missouri State Public Defender System. Plaintiff described Bruns as an attorney and indicated he was suing him in his individual capacity only. Plaintiff did not specify what capacity he wished to sue the remaining defendants, and did not identify their job titles or employers.

Plaintiff alleged defendant Bruns conspired with an unidentified "racist crooked cop" to "cover up the hate crimes and racially motivated assault against plaintiff." Plaintiff alleged that the remaining defendants denied him effective assistance of counsel. Plaintiff wrote "N/A" under the section provided to list his injuries. For relief, he sought an injunction to prohibit the Public

Defender's Office from "systemic denial of effective assistance of counsel," and requested the Court to direct the "Jefferson County Circuit Court to appoint effective counsel" and "remove defendant Bruns."

Submitted with his form complaint was a motion to proceed *in forma pauperis*. Although plaintiff submitted an affidavit of his assets as required by 28 U.S.C. § 1915(a)(1), he did not submit a certified copy of his Jefferson County Jail "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of his complaint. Such a statement is required when a prisoner seeks *in forma pauperis* status. *See* 20 U.S.C. §§ 1915(a)(2), (h).

On July 22, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. ECF No. 4. The Court informed plaintiff that his complaint was subject to dismissal. First, plaintiff did not include the job, title, or employer of defendants Johnson, Mermelstein, and Corrado, which made it unclear whether they were state actors. The Court advised that if they were not state actors, a claim against them would fail under § 1983. Second, his allegations against the Missouri State Public Defender's Office were legally frivolous because the Eleventh Amendment bars suit against a state agency for monetary and injunctive relief and no exceptions to sovereign immunity appeared to be present in this case.  Third, his claims regarding the conduct of his attorney in providing legal representation was not an action under color of law for the purposes of § 1983. Fourth, plaintiff failed to allege specific facts to support a claim for conspiracy against Bruns.

In consideration of plaintiff's self-represented status, the Court directed him to file an amended complaint, as well as a certified inmate account statement. The Order provided plaintiff with clear instructions on how to prepare the amended complaint, and cautioned him that his failure to timely comply with the Order would result in the dismissal of his case without further notice.

Plaintiff's amended complaint was due to the Court on August 20, 2021. To date, however, he has neither complied with the Court's Order, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's July 22, 2021 Order and his failure to prosecute his case.  *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of September, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE